IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| BBGM/ARCHITECTS & INTERIORS, INC. )<br>f/k/a BBGM/ARCHITECTS & INTERIORS, PLLC )<br>  )<br>*Plaintiff/Counter-Defendant*, )<br>  )<br>-v.- )<br>  )<br>1881 ROSSLYN ASSOCIATES, LLC )<br>  )<br>*Defendant/Counter-Plaintiff.* )<br>_____ ) | Case No. 1:10cv877-LO/JFA |

**PLAINTIFF'S/COUNTER-DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNTS II OF DEFENDANT'S/COUNTER-PLAINTIFF'S COUNTERCLAIM**

Plaintiff/Counter-Defendant BBGM/Architects & Interiors, Inc. f/k/a BBGM/Architects & Interiors, PLLC ("BBGM"), through counsel, Arthur T.K. Norris, Joseph M. Gesker, Jr. and the law office of Lee & McShane, PC, submits this memorandum of law in support of its motion to dismiss Count II (Negligence BBGM – Set Off and/or Recoupment) of Defendant/Counter-Plaintiff 1881 Rosslyn Associates, LLC's ("1881 Rosslyn") Counterclaim.

**Introduction**

This is a breach of contract and negligence counterclaim brought by 1881 Rosslyn against BBGM for $4,582,870.00 in construction change order costs. 1881 Rosslyn alleges it suffered these purely economic damages because of BBGM's alleged negligent performance of its contract duties. It is well-established Virginia law that a party cannot recover in tort for economic damages absent a duty independent of the contract. See, e.g., Sensenbrenner v. Rust, Orling & Neale Architects, Inc., 236 Va. 419; 374 S.E.2d 55

(1988); Filak v. George, 267 Va. 612; 594 S.E.2d 610 (2004).  Accordingly, BBGM respectfully submits that dismissal of Count II of 1881 Rosslyn's Counterclaim is warranted.

**Background[1]**

In January 2004 BBGM entered into a contract (the "Contract") with 1881 Rosslyn to provide architecture services for the Turnberry Tower Condominium Project. Counterclaim ¶ 5.  The Contract set forth BBGM's obligations and duties for the Project. Id. ¶ 7.  1881 Rosslyn contends BBGM had a contractual duty to "perform its services in a skillful, competent, professional and workmanlike manner, reasonably free of errors and omissions and in accordance with the generally accepted standards of the architectural and engineering professions".  Id. ¶ 22.  The same duties form the basis for 1881 Rosslyn's negligence claim.  See, Id. ¶ 35.

On August 6, 2010, 1881 Rosslyn brought its Counterclaim for purely economic losses.  Specifically, 1881 Rosslyn contends that 83 construction change orders were attributable to inadequacies with BBGM's drawings.  Id. ¶ 15.  1881 Rosslyn now seeks reimbursement for the costs of the 83 change orders - $4,582.870.

In the end, 1881 Rosslyn alleges nothing more than disappointed economic expectations arising from its contract with BBGM.  It asserts, among other things: 1) that BBGM's drawings were deficient, inadequate and incomplete; 2) that BBGM failed to design the roofing systems to account for point loading of mechanical systems, failed to properly design the elevator shaft with proper ducting, and failed to design electrical meter rooms to hold designated equipment; and, 3) that BBGM failed to monitor and provide

---

[1] The facts in this memorandum are derived entirely from within the four corners of 1881 Rosslyn's Counterclaim.

2

adequate contract administration.  Id. ¶¶ 12, 13, 36 & 37.  Since these allegations of negligence relate to BBGM's contractual obligations and performance, 1881 Rosslyn's negligence claim is not supported by law or fact and should be dismissed.

## Discussion

### A.  Standard of Review.

To survive a Rule 12(b)(6) motion, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." See, Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).  FED. R. CIV. P. 8 "demands more than an unadorned, the-defendant-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1955).  Further, FED. R. CIV. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 129 S. Ct. at 1950.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of 1965 (quoting FED. R. CIV. P. 8(a)(2)).

### B.  The Virginia Economic Loss Rule precludes 1881 Rosslyn's negligence claim.

Virginia has long fostered the freedom of contract.  In that spirit, Virginia vigorously protects the parties' expectations by holding the parties to the agreed-to terms of the contract.  One mechanism utilized by the courts to prohibit parties from circumventing the terms of their contract is the Virginia Economic Loss Rule.

In Virginia, the sole remedy for claims against design professionals for purely economic losses is pursuant to a contract action – not tort.  See, Sensenbrenner, 236 Va. at 425; 374 S.E.2d at 58 (finding "the law of contracts provides the sole remedy" for purely

economic loss).  The reasoning behind the Virginia Economic Loss Rule is sound.  When parties enter into a contract they come away with certain expectations that they bargained for.  Contract law properly protects these expectations.  Tort law would have the opposite effect since it would bring uncertainty to both potential liability and damages as it relates to the commercial agreement.  As stated in Sensenbrenner:

> [t]ort law is not designed, however, to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement.  That type of compensation necessitates an analysis of the damages which were within the contemplation of the parties when framing their agreement.  It remains the particular province of the law of contracts.

Id.  See also, Filak, 267 Va. at 618; 594 S.E.2d at 613 (A demurrer to a negligence count was proper under the economic loss rule  because "losses suffered as result of a breach of a duty assumed only by agreement, rather than a duty imposed by law, remain the sole province of the law of contract."); Ju v. Mark, 2006 U.S. Dist. LEXIS 42263, 11 [FN 4] (E.D. Va. 2006) ("Where a negligence claim is alleged against an attorney, accountant, or architect for conduct that is governed by the terms of contract, the Virginia Supreme Court has held that the plaintiff's remedy must lie in contract, not tort." citing  Ward v. Ernst & Young, 246 Va. 317; 435 S.E.2d 628 (1993)); Regl. Enter., Inc. v. AEC Engr., Inc., 1993 U.S. Dist. LEXIS 9834, 2 (E.D. Va. 1993) ("[R]ecovery of economic loss in Virginia is limited to breach of contract actions.").

The Virginia Economic Loss Rule is especially important in construction related cases.  Construction related contracts are project-specific and have detailed provisions allocating risks of future losses, identifying specific remedies for any breaches, and limiting liability.  These provisions would be undermined if parties to construction contracts were also permitted to sue in tort.

4

Here, BBGM had certain expectations based on its contract with 1881 Rosslyn. It expected its plans did not have to be perfect but merely within the reasonable standard of care. Further, it did not expected to be subject to the uncertainty of tort damages. If negligence were permitted here, BBGM's contractual expectations would not be protected.

## Conclusion

For the foregoing reasons, BBGM respectfully requests that its motion to dismiss to Count II (Negligence BBGM – Set Off and/or Recoupment) of 1881 Rosslyn's Counterclaim be granted, that said count be dismissed with prejudice, and that this Honorable Court grant such further relief as it deems just and appropriate.

Date: September 21, 2010

        Respectfully submitted,

        LEE & McSHANE, PC

By:    /s/Joseph M. Gesker, Jr.
       Arthur T.K. Norris, Esq.
       VSB Bar No. 32536
       Joseph M. Gesker, Jr., Esq.
       VSB Bar No. 65479
       1211 Connecticut Avenue, N.W., Suite 425
       Washington, D.C.  20036
       Phone: (202) 530-8100
       Fax: (202) 530-0402
       atn@lee-mcshane.com
       jmg@lee-mcshane.com
       *Counsel for BBGM/Architects and Interiors, Inc.*

       *Of Counsel:*
       James F. Lee, Jr., Esq.
       Lee & McShane, P.C.
       1211 Connecticut Avenue, N.W., Suite 425
       Washington, D.C.  20036
       Phone: (202) 530-8100
       Fax: (202) 530-0402
       jfl@lee-mcshane.com