IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| BBGM/ARCHITECTS & INTERIORS, INC. f/k/a BBGM/ARCHITECTS & INTERIORS, PLLC | : : : | |
| Plaintiff, | : : | Case No. 1:10cv877-LO/JFA |
| v. | : : | |
| 1881 ROSSLYN ASSOCIATES, LLC | : : | |
| Defendant. | : | |

**1881 ROSSYLYN ASSOCIATES, LLC'S BRIEF IN OPPOSITION
TO BBGM'S MOTION TO DISMISS COUNT II**

1881 Rosslyn Associates, LLC ("1881") respectfully requests that this Court deny the Motion to Dismiss Count II filed by BBGM Architects & Interiors, Inc., ("BBGM") on grounds that 1881 has alleged sufficient facts and circumstances to state a cognizable cause of action.

INTRODUCTION

This action arises out of damages resulting from defects in the design and in the inadequacy of contract administration of a new high-end condominium complex in Arlington Virginia known as Turnberry Tower (Counterclaim at ¶¶ 12-19). The designs were created by BBGM, which 1881 retained as its architect/engineer for the Project. See id. at ¶¶ 4-5,8.

On the same day that BBGM filed this suit in the U.S. District Court for the Eastern District of Virginia, 1881 filed a Complaint against BBGM in the Arlington County Circuit Court, alleging *inter alia* in Count I that BBGM breached its obligations under its contract with 1881 and Count II alleged that BBGM negligently breached its duty to "design the Project and perform its services in a skillful, competent, professional and workmanlike manner, reasonably free of errors and omissions and in accordance with the generally accepted standards of the

architectural and engineering professions." 1881 proceeded to make the same allegations it made in the Arlington County Circuit Court Complaint in the form of a compulsory Counterclaim filed herein (Counterclaim at ¶ 35).

On September 21, 2010, BBGM filed its Motion to Dismiss Count II of 1881's Counterclaim. ("BBGM Motion to Dismiss").  BBGM's Motion to Dismiss the negligence action is based on the premise that Virginia does not recognize a tort claim against design professionals for purely economic loss.  (BBGM Motion to Dismiss at 3).  BBGM argues that it was only under duties that it assumed by contract.  (Id.).  Further, BBGM claims that in construction cases, the parties should not be expected to be subject to the uncertainty of tort damages.  (BBGM Motion to Dismiss at 5).

## BACKGROUND FACTS

On or about January 2004, 1881 contracted with BBGM to provide professional services necessary for creating the drawings and specifications and other documents for the Project (the "Instruments of Service") which were to be utilized by the general contractor on the Project during the course of construction of the Project. (Counterclaim ¶¶ 5, 8)  The contract between the parties was attached to the Complaint and to the Counterclaim.  As architect/engineer, BBGM was responsible for the adequacy and completeness of its Instruments of Service as defined by the Agreement, as well as those design services provided by design consultants hired by the Architect. (Counterclaim ¶ 9).

In February 2006, BBGM completed the first set of drawings under the Agreement, which were utilized by 1881 to bid the Project ("February 2006 Drawings"). These drawings were deficient in both adequacy and completeness.  (Counterclaim ¶¶ 10, 11).  Such that 1881 incurred damages as a result of increased cost and expense for the Project due to the failure of

BBGM to provide adequate designs and contract administration. (Counterclaim ¶¶ 13-19). BBGM negligently breached the duties that it owed to 1881 by virtue of the fact that it was a design professional and subject to a certain standard of care, resulting in more than Four Million dollars in added repair and construction costs.

## ARGUMENT

BBGM's Motion to Dismiss should be denied because 1881's negligence claim against BBGM is not barred by the economic loss rule.

**A.  The Economic Loss Rule Does Not Bar Negligence Claims for Economic Losses by a Party in Privity of Contract**

BBGM relies on the familiar line of Virginia cases holding that the economic loss rule bars negligence claims for purely economic losses. (BBGM Motion to Dismiss at 3, 4). However, BBGM does not point out that these cases do not control when you have privity of contract as exists between 1881 and BBGM. In its Motion to Dismiss, BBGM attempts to argue that 1881's damages are economic losses barred by the economic loss rule. (BBGM Motion to Dismiss at 3, 4). Quoting Sensenbrenner v. Rust, Orling & Neale, Architects, Inc., 236 Va. 419 (1988), BBGM argues that tort law is not appropriate for compensating parties when their losses are due to breaches of duties assumed only in the contract. (BBGM Motion to Dismiss at 4).

To support its Motion to Dismiss, BBGM relies almost exclusively on, Sensenbrenner. BBGM suggests that this case insulates it from a negligence claim when the damages claimed are economic losses and where the alleged breach of duty is governed by the law of contracts. (BBGM Motion to Dismiss at 3, 4). This case, however, can easily be distinguished from the instant case. In Sensenbrenner, the plaintiffs alleged negligence against architects with whom they were not in privity. See Sensenbrenner at 421.

BBGM also cites to two Eastern District of Virginia cases, which ruled that economic losses are not recoverable under negligence theories. (BBGM Motion to Dismiss at 4). Yet, the Virginia Supreme Court has repeatedly advised that a cause of action in tort will lie to recover economic losses when the parties are in privity of contract. See generally Blake Construction Co. v. Alley, 233 Va. 21 (1987); Copenhaver v. Rogers, 238 Va. 361 (1989) and Ward v. Ernst & Young, 246 Va. 317 (1993). In Blake, the Court found that a Virginia statute that eliminated the privity requirement for negligence that resulted in personal injury or damage to property "[did] not eliminate the requirement of privity in a tort action for economic loss alone." Blake at 36. In Copenhaver, where the remaindermen named in a failed testamentary trust brought an action for legal malpractice seeking economic loss damages against the trustors' attorney, claiming negligence, the Court ruled "it is settled in the Commonwealth that no cause of action exists in such cases absent privity of contract." Copenhaver, at 366. In Ward, the Court held "that when privity exists, economic losses may be recovered under a negligence theory" 246 Va. 317, 326 n.3 (1993).

In Ward, a corporation's former owner sued his accounting firm after realizing that the firm erred in calculating the corporation's worth. Id. at 322. The owner sold the corporation to another company and was forced to refund some of the proceeds after the accounting error became apparent. Id. at 321. The owner sued the accounting firm for breach of contract and negligence. Id. at 322. The Ward court found that the losses for which the owner was suing "involv[ed] a claim solely for economic losses. It is well settled in the Commonwealth that no cause of action exists in such cases absent privity of contract." (emphasis added). Id. at 325-26. But in two footnotes, the Ward court suggested the circumstances in which the economic loss rule would *not* preclude a tort claim. Id. at n. 2, 3.

Importantly, the Virginia Supreme Court has always focused on the lack of privity in these cases as a reason to deny the negligence cause of action for recovery of economic losses. See Blake at 36; Sensenbrenner at 424, Copenhaver, at 366 and Ward at 325. In the instant case, it is undisputed that 1881 is in privity of contract with BBGM. Given these facts, Sensenbrenner fails to provide any meaningful direction. Accordingly, the Court should find no merit in BBGM's argument that the existence of a contract precludes 1881's negligence claim.

The Ward ruling in particular has found favor in the Commonwealth's circuit courts. The Circuit Court in Virginia Beach overruled a defendant's Motion to Dismiss in Genito Glenn, L.P. v. Nat'l Hous. Bldg. Corp. et al., 50 Va. Cir. 71 (1999), wherein a contractor sued its subcontractor for using a defective fill material. Id. The fill used was improperly manufactured, causing it to swell substantially when exposed to moisture. Id. at 72. The swelling cracked the foundation of the work site, which had to be torn out and replaced. Id. at 71. The contractor alleged breach of a duty to inform about the potential consequences of defects, which caused the contractor to suffer economic losses. Id. at 89. Quoting footnote 3 from Ward, the circuit court overruled on the subcontractor's Motion to Dismiss. Id. "[G]iven the clarity of the court's statement in Ward, this court will overrule [the subcontractor's] Motion to Dismiss and allow [the contractor] to proceed on both a contract and negligence theory." Id.

The Circuit Court of Richmond has also followed Ward's instructions and overruled defendant's Motion to Dismiss to plaintiff's negligence count, allowing a plaintiff, general contractor, to sue defendants, an architect and architectural firm, under a breach of contract theory and negligence theory (among others). The Circuit Court relied on Ward and said the negligence claim could go forward on the basis that "where there is privity of contract, a

negligence cause of action can proceed" – even in the face of the economic loss rule. Will & Cosby v. Salomonsky, 48 Va. Cir. 500, 509 (1999).

Ward and its progeny preserve a cause of action for negligence for economic losses so long as the parties were in privity of contract. This case fits perfectly, and thus, 1881 has a cognizable negligence claim upon which relief can be granted. Accordingly, this Court should deny BBGM's Motion to Dismiss.

**B.     As Architect of Record, BBGM is under a Duty to Provide a Certain Standard of Care**

There can be no dispute that 1881 alleged the existence of duties that compelled BBGM to exercise reasonable care in the execution of its duties. (Counterclaim at ¶35). Despite BBGM's blanket assertion that those duties were only those assumed by the contract, the common law imposes on certain professionals implied duties of care and skill. Virginia law has long held that, between parties in privity of contract, a tort claim may lie for breach of a duty outside the four corners of the contract. See generally Chesapeake & Oil Ry. Co. v. F. W. Stock & Co., 104 Va. 97, 100 (1905) (quoting Hutchison on Carriers § 744: "[I]f there be an averment of a promise and a consideration[,] the declaration will be construed to be upon the contract, and not for the breach of duty. And consequently, when the word 'consideration' was left out, the action was held to be in tort."). To state a negligence claim in addition to a contract claim, the plaintiff needs only to allege "the *existence* of a duty and say that the defendant negligently violated that duty, proximately causing injury." Kuhn et al. v. West Alexandria Properties, Inc., et al., 22 Va. Cir. 439, 457 (1980) (emphasis added).

In its Counterclaim, 1881 has alleged numerous duties have been negligently breached by BBGM, which were the proximate cause of 1881's damages. (Counterclaim at ¶¶ 35-38). As architect of record, BBGM owed a duty to 1881 to exercise its skill and ability, judgment and

taste reasonably and without neglect.  See Gravely v. The Providence Partnership, 549 F.2d 958 (4th Cir. 1977).  In Gravely, the Fourth Circuit ruled that an architect implies that he has the necessary competency and ability to furnish plans and specifications with a reasonable degree of care and skill.  Id. at 959 citing Surf v. Realty Corp. v. Standing, 195 Va. 431 (1953).  Such a duty was also recognized by the Virginia Supreme Court in VMI v. King, 217 Va. 751 (1977) and Nelson v. Commonwealth, 235 Va. 228 (1988).  The Virginia courts continue to recognize that professionals owe duties outside of the contracts they enter, even in the post-Sensenbrenner era.  See Filbert v. Joel Stowe Assoc., Inc. et al., 40 Va. Cir. 197 (1996).

In Filbert, a homebuyer sued an unlicensed repairman for negligent repairs of a house's flooring.  Id. at 197-98.  In addition to making shoddy repairs, the repairman certified that the floors were structurally sound when in fact they were not.  Id. at 198.  The court held:

> there is implied in every contract for work and services a duty to perform it skillfully, carefully, diligently, and in a workmanlike manner.  Failure to comply with this implied to duty to perform in a skillful and workmanlike manner . . . may entitle the other party to damages resulting from the unskillful and unworkmanlike performance.

Id. at 199 (quoting 17 Am. Jur. 2d Contracts § 627 (1964)).  By virtue of the relationship between BBGM and 1881, BBGM was under a duty to act diligently and in a workmanlike manner.  These duties form the basis for 1881's negligence claim against BBGM.

1881 has alleged that BBGM breached these duties to act in a diligent and workmanlike manner, causing millions of dollars of damage.  Therefore, there exists a cognizable negligence claim upon which relief can be based.  Accordingly, this Court should deny BBGM's Motion to Dismiss Count II.

<u>CONCLUSION</u>

In light of the foregoing, 1881 prays that this Court deny Defendant BBGM's Motion to Dismiss Count II of the Counterclaim.

Dated: October 5, 2010

                Respectfully submitted,

                1881 ROSSLYN ASSOCIATES, LLC,
                By Counsel

                WALSH, COLUCCI, LUBELEY,
                EMRICH & WALSH, P.C.

                <u>/s/ Wendy Alexander</u>
                Garth Wainman, VSB #21831
                Wendy Alexander, VSB #42547
                Attorneys for Defendant/Counterclaim Plaintiff
                4310 Prince William Parkway, Suite 300
                Prince William, VA 22192
                Phone: (703) 680-4664
                Fax:  (703) 680-2161
                walexander@pw.thelandlawyers.com
                gwainman@pw.thelandlawyers.com

**<u>CERTIFICATE OF SERVICE</u>**

I, Wendy Alexander, hereby certify that on the 5th day of October, 2010, I served the foregoing Defendant/Counterclaim Memorandum in Opposition to Motion to Dismiss using the CM/ECF system, which will send a notice of electronic filing through the Court's electronic filing systems to counsel for the Plaintiff as follows:

  Joseph M. Gesker, Jr.
  LEE & McSHANE, PC
  1211 Connecticut Avenue, NW Suite 425
  Washington, DC 20036
  Phone: (703) 530-8100
  Fax:  (202) 530-0402
  jmg@lee-mcshane.com
  *Counsel for BBGM/Architects and Interiors, Inc.*

        WALSH, COLUCCI, LUBELEY,
        EMRICH & WALSH, P.C.

        <u>/s/ Wendy Alexander</u>
        Wendy Alexander, VSB #42547
        Attorneys for Defendant/Counterclaim Plaintiff
        4310 Prince William Parkway, Suite 300
        Prince William, VA 22192
        Phone: (703) 680-4664
        Fax:  (703) 680-2161
        <u>walexander@pw.thelandlawyers.com</u>